IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEISHA HUDSON,**  *Plaintiff*, v.  **MONTGOMERY COUNTY,**  *Defendant*. | Case No. 2:20-cv-1487-JDW |

## ORDER

**AND NOW**, this 30th day of September, 2020, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(6) and 12(b)(1) (ECF No. 10), the Court notes as follows.

1. A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id*. First, the court must identify the elements needed to set forth a particular claim. *Id*. at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id*. Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id*. The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id*. at 790.

**First Amendment Retaliation**

2.     To state a claim for retaliation in violation of the First Amendment, a plaintiff must plead facts sufficient to conclude that his "speech is protected by the First Amendment and that the speech was a substantial or motivating factor in what is alleged to be the employer's retaliatory action." *Flora v. Cty. of Luzerne*, 776 F.3d 169, 174 (3d Cir. 2015); *see Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454, 466 (3d Cir. 2015). "If the employee establishes both of those predicates, the burden shifts to the employer to show that it would have taken the same action even if the speech had not occurred." *Flora*, 776 F.3d at 174.

3.     As a threshold matter, Keisha Hudson has standing to pursue her claims. To show standing, a plaintiff must show that she has suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and that is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Ms. Hudson alleges that she was injured when Montgomery County fired her from her role as Chief Public Defender for filing an amicus brief. She seeks redress for that dismissal. Defendants' argument that Ms. Hudson lacks standing because the speech was not hers does not align with any of these elements of standing. Also, Defendants' argument is wrong because Ms. Beer alleges that she decided to file the amicus brief and oversaw its preparation. That is, she played an active role in its preparation. Her allegations therefore establish that the speech is hers, at least at this stage of the proceedings. Discovery will bear out her role in the brief's preparation and whether one can attribute the brief to her.

4.     A public employee's statement is protected by the First Amendment when "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee

differently from any other member of the general public' as a result of the statement he made." *Hill v. Borough of Kutztown*, 455 F.3d 225, 241-42 (3d Cir. 2006) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). "The critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Lane v. Franks*, 573 U.S. 228, 240 (2014). "[T]he responsibility of a district court in evaluating whether a public employee's speech was made as a private citizen is to ask whether the speech at issue was 'outside the scope of his ordinary job responsibilities.'" *Flora*, 776 F.3d at 179 (quoting *Lane*, 573 U.S. at 238-39).

5.  Whether Ms. Hudson's speech was made within the ordinary course of her job responsibilities is a mixed question of fact and law. *See id.* at 175. Ms. Hudson argues she was not representing any client and that he went outside Montgomery County's chain of command when he when he filed the amicus brief. In her complaint, she identifies statements that Defendants made that support her description of her job duties, including statements that they made in response to the filing of the amicus brief. Taking these well-pleaded allegations as true and construing them in a light most favorable to Ms. Hudson, it is plausible that the drafting and filing of this amicus brief was outside of her ordinary job responsibilities and therefore constitutes citizen speech.

**Wrongful Discharge**

6.  Although employment in Pennsylvania is generally at will, there is a public-policy exception to at-will dismissals that violate constitutional mandates, statutory requirements, governmental regulations, clear dictates of public policy, or judicial rulings interpreting these governing sources of law. *See Hunger v. Grand Cent. Sanitation*, 670 A.2d 173, 175 (Pa. Super. Ct. 1996); *see also Mamlin v. Genoe*, 17 A.2d 407, 409 (Pa. 1941).

7.      Equal access to justice and proper functioning of the courts are vital constitutional matters and matters of public policy.  So is OPD's independence from political interference and retaliation. A dismissal that treads too much on these interests could be actionable despite the rule of at-will employment.

8.      Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 *et seq.* ("PSTCA"), generally exempts local agencies from damages for injuries that it or its employees cause. *See* 42 Pa. C.S.A. § 8541.  The PSTCA's language limits immunity to damages claims, which courts have interpreted to include injunctive relief that requires the government entity to take affirmative actions or expend funds equal to damages.  *E.g. Swift v. Dep't of Transp.*, 937 A.2d 1162, 1168-69 & n.7 (Pa. Commw. Ct. 2007).

9.      None of the relief that Mr. Beer seeks is in the nature of damages. He asks to be restored to his job as Chief Public Defender. The County would then have to pay him.  But it will have to pay someone to perform that job, whether it is Mr. Beer or someone else.  So an order restoring Mr. Beer to his position will not result in a new expenditure of funds by the County.

In light of the foregoing, it is **ORDERED** that Defendant's Motion to Dismiss (ECF No. 10) is **DENIED**.

It is **FURTHER ORDERED** that, on or before October 6, 2020, each Party shall explain, in a Memorandum not to exceed 10 pages, its position on whether the Court should consolidate this case with *Beer v. Montgomery County, et al.*, Case No. 2:20-cv-1486-JDW.

                                           **BY THE COURT:**

                                        */s/ Joshua D. Wolson*
                                        JOSHUA D. WOLSON, J.